IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOSAM MAHER HUSEIN SMADI, #39482-177, <br> MOVANT, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> RESPONDENT. | § § § § § § § § § | <br><br><br><br> CIVIL CASE NO. 3:12-CV-4154-M-B <br> (CRIMINAL CASE NO. 3:09-CR-294-M-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Chief Judge Lynn's order of referral, filed August 27, 2018, Doc. 30, Smadi's *Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)*, Doc. 29, was referred to the undersigned United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the Rule 60(b) motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

I.   BACKGROUND

Hosam Maher Husein Smadi pled guilty to the attempted use of a weapon of mass destruction and was sentenced to 24 years' imprisonment and a five-year term of supervised release. *United States v. Smadi*, 3:09-CR-294-M(01) (N.D. Tex., Dallas Div., Oct. 28, 2010), *app. dism. as frivolous*, 446 F. App'x 679 (5th Cir. Oct. 21, 2011) (per curiam). Smadi unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. *Smadi v. United States*, No. 3:12-CV-4154-M-BK, 2013 WL 2145591, at *1 (N.D. Tex. May 16, 2013). He subsequently moved twice under FED. R. CIV. P. 60(b) to set aside the judgment on his Section 2255 petition. However, because in actuality his Rule 60(b) motions were successive Section

2255 motions, they were dismissed for want of jurisdiction. Doc. 25; Doc. 28. Smadi attempted to file another successive Section 2255 motion but, upon its transfer to the Court of Appeals for the Fifth Circuit, leave to file was denied. *See Smadi v. United States*, No. 3:17-CV-0221-M-BK (N.D. Tex. 2017) (transferring successive motion to the court of appeals), *leave to file denied*, No. 17-10252 (5th Cir. May 31, 2017).

Undeterred, Smadi again brings a motion under Rule 60(b)(6), seeking vacation of the judgment on his first Section 2255 motion. Doc. 29 at 1. He avers that the *Findings, Conclusions and Recommendation of United States Magistrate Judge*, accepted by the Court over his objections, "is not sufficiently specific as to the claims considered by the Court as to notice Smadi as to what was adjudicated, and, this is preventing him from seeking further post-conviction relief." Doc. 29 at 1. He contends that "the Court's unclear order is acting as a bar [to his] further pursuit of justice in this matter." Doc. 29 at 7. He specifically asserts:

1) The Court ruled in its order of April 24, 2013, that Smadi raised "a litany of difficult to discern claims." *Smadi v United States* 2013 US Dist LEXIS 70408 (ND Tx 2013). The Court then went on to construe challenges to the voluntariness of Smadi's guilty plea, and, appeal waiver, preclusion of mental capacity, and, entrapment, defenses, and, refusal to dismiss the indictment. *Smadi*. It also construed Equal Protection, Due Process, and, Brady/Giglio violations. *Smadi*. It then "liberally construed" ineffective assistance of counsel claims. *Smadi*.

2) From the above, it is not clear how the Court construed substantive preclusion of mental capacity, and, entrapment defenses, and, refusal to dismiss the indictment, claims, separate from an ineffective assistance of counsel claim, without those issues ever having been raised, and, adjudicated.

3) The Court also found that "various claims related to entrapment/mental defect defenses, dismissal of indictment in light of coercion / entrapment, unlawful arrest, desire to proceed to trial, errors in sentencing, and, possibly, a *Brady*/*Giglio* claim" were waived. *Smadi*. However, it does not specify what the contours of these claims are, only the general basis of the claims.

4) The Court then separately ruled upon "ineffective assistance of counsel" claims. *Smadi*. It is not clear if these are the same claims that the Court found to be waived, and, that this section is mere dicta, or, if the Court made some adjudication on the merits and, if so, what the parameters of those claims so adjudicated are.

Doc. 29 at 3.

Smadi also avers that he "reasonably believes that he had substantive claims for ineffective assistance of counsel":

(a) Counsel's performance fell below the standard, and was unprofessionally deficient and prejudice [sic] when counsel misinformed, or lied to him about his true applicable guideline and the mandatory sentence he was facing, counsel statement that Smadi was facing a mandatory life sentence is belied by the advisory guidelines table itself because Smadi was not facing a mandatory of a life sentence, instead he was misled and misadvised about the applicable guideline and the mandatory minimum sentence he was facing as "Required by Rule 11" of the Pea [sic] agreement. This led to counsel's failure to object to the incorrect guideline which deprived the defendant of effective representation, and was prejudice when he received a higher sentence as a result of incorrect sentencing guideline.

* * *

Smadi pled guilty to the element of explosives, fire materials, yet as a result of deficient performance by his counsel he was sentence [sic] using an incorrect and higher guideline with an extra 25 levels of enhancement under "USSG 2M6.1 (42 point)" for weapons of radiation, nuclear, biological and chemical weapons. This structural error caused a breach in the defendant [sic] plea which could renders [sic] it as unknowing, unintelligent, and involuntarily in violation of Rule 11, which also further violated his sentence under the "18 USC 3553a" sentencing factors for the nature of offense, and the range and sentence that was available under the guidelines, the defendant in here could not benefit from neither the 3 points for accepting the responsibility nor from any of the downward departures he had received as a result of his lawyer deficient performance.

* * *

    (b) Counsel's (Richard Anderson) statement that Smadi's potential life sentence would be served in a box, in reference to the hole (solitary confinement) with no day light is further evidence of unprofessional deficient performance that effected [sic] Smadi.

    (c) Counsel's failure to consider a selective prosecution defense, as the FBl-JTIF faux terrorism sting only targeted Muslims, and, not person of other faiths;

    (d) that, while Smadi may have been predisposed to recruitment, manipulation, or some violent act, he still may have been entrapped into committing the specific violent act (fantastic bomb conspiracy against innocent people) into which he was drawn by the FBl-JTTF.

Doc. 29 at 4-5.

## II.  ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).  However, to prevent conflicts between the strict limitations on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, a court must first examine whether a Rule 60(b) motion is, in fact, a second-or-successive habeas petition in disguise.  *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

    Indeed, a district court may only entertain a Rule 60(b) motion in a habeas proceeding under certain narrow circumstances.  A true Rule 60(b) motion is one that either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the

disposition of a prior habeas petition. *Id.* at 532 and n. 4 and 5; *see also United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013). Procedural defects, however, "must be 'narrowly construed' when considering whether motions are subject to the limits on successive habeas petitions." *United States v. Vialva*, ___ F.3d ___, 2018 WL 4375562, at *3 (5th Cir. 2018) (per curiam). In addition, "motions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks." *Id.* (*quoting Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). Stated another way, purported attacks on the integrity of the habeas proceedings cannot hinge substantively on a merits-based argument. *Id.* at 4.

Here, Smadi does not attempt to challenge any procedural ruling; he merely challenges the Court's interpretation of the claims raised in his first Section 2255 Motion. Because Smadi does not raise any procedural defects in the Court's judgment, his Rule 60(b) motion is prohibited. *See Vialva*, 2018 WL 4375562 at *4 (rejecting Rule 60(b) motion where movants' "invocation of defective procedure rest[ed] substantially on a merits-based challenge"); *Hernandes*, 708 F.3d at 682 (finding that "Rule 60(b) motion is, in fact, a § 2255 motion in disguise," where it "attacks the federal court's previous resolution of a claim *on the merits*" (internal quotation marks omitted)).[1]

---

[1] The instant motion was filed more than five years after Smadi's Section 2255 motion was denied in May 2013. Thus, it was not filed within a reasonable time after the entry of judgment, as required. *Gonzalez*, 545 U.S. at 528 n. 2; FED. R. CIV. P. 60(c)(1). A delay of over two years renders a Rule 60(b) motion untimely, particularly when the petitioner knew the substance of his claims or arguments and provides no plausible reason for delay. *Scheanette v. Quarterman,* 309 F. App'x 870, 872 n. 2 (5th Cir. 2009) (*per curiam*); *see also First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (same).

Moreover, Smadi not only implicitly challenges the Court's previous resolution of his claims on the merits, but also appears to raise new grounds of ineffective assistance of counsel. Smadi's new grounds are also improper under Rule 60(b).  *See Gonzalez*, 545 U.S. at 530-532 (concluding a Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits").

### III. CONCLUSION

Even when liberally construed, Smadi's current Rule 60(b) motion, like his previous ones, is "a § 2255 motion in disguise." *Hernandes*, 708 F.3d at 682.  Consequently, it is the equivalent of a second or successive application, which this Court lacks jurisdiction to review without the authorization of the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A)&(B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the court of appeals must determine whether the application makes the requisite prima facie showing); 28 U.S.C. § 2255(h) (same).  Accordingly, Smadi's *Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)*, Doc. 29, should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on October 15, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).